UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
IN RE:                CHAPTER 13

BRAULIO RAMIREZ, AKA BRAULIO M.  CASE NO. 16-23308 (RDD)
RAMIREZ, DBA RAMIREZ LANDSCAPING,

        DEBTOR.

**ORDER PURSUANT TO 11 U.S.C. § 363(b) AND (f)
AUTHORIZING DEBTOR'S SALE OF REAL PROPERTY**

Upon the motion, dated May 7, 2018 (the "Motion"), of Braulio Ramirez, aka Braulio M. Ramirez, dba Ramirez Landscaping, the above-captioned debtor (the "Debtor") for an order pursuant to § 363(b) and (f) of Title 11 of the United States Code (the "Bankruptcy Code") authorizing and approving a contract of sale described therein (the "Sale Contract") of certain real property owned by the Debtor and located and known as <u>32 Lincoln Street, New Rochelle, New York 10801</u> (the "Property"), free and clear of all liens, claims, encumbrances and interests of whatever kind or nature therein or thereon ("Liens and Claims"), subject to higher and better offers; and there being due and sufficient notice of the Motion; and Nationstar Mortgage LLC as Servicer for The Bank of New York Mellon f/k/a The Bank of New York as Indenture Trustee for Newcastle Mortgage Securities Trust 2007-1 (with any subsequent successor or assign, "Nationstar"), the holder of a first mortgage lien against the Property, having filed an Objection to the Motion on June 25, 2018, and no other responses and/or objections having been filed with respect to the relief sought in the Motion; and upon the record of the hearings held by the Court on the Motion, including the hearing (the "Hearing") and the auction (the "Auction") held by the Court on the Motion on July 11, 2018; and

Upon the record of the Auction, the Court having determined after several bids that Gloria Ramirez was the highest bidder in the amount of $420,000.00, and Haim Goldstein was the backup bidder at $415,000.00, in each case otherwise on the terms of the Sale Contract; and the Court having further determined at the Hearing that Nationstar would be permitted to submit a credit bid under § 363(k) of the Bankruptcy Code for the Property and otherwise on the terms of the Sale Contract on or before July 13, 2018, subject to higher and better offers; and

Upon the credit bid timely submitted by Nationstar on July 13, 2018 in the amount of $500,000.00; and Nationstar having filed and served a notice of settlement of the form of this proposed order, and there being no objections to such notice by the settlement date, August 3, 2018 or thereafter; and

Upon the record of the Hearing and all of the proceedings herein,

**THE COURT HEREBY FINDS AND CONCLUDES**:

A. That the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (M), (N) and (O) that the Court may determine by a final order.

B. That venue of the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C. That (i) adequate notice of the Motion and the hearings thereon, as well as Nationstar's credit bid has been given pursuant to Bankruptcy Rules 2002 and 6004, (ii) adequate business justification for the sale has been established for the reasons stated by the Motion and at the Hearing, (iii) the Debtor has satisfied one or more of the grounds for the proposed sale being free and clear of Liens and Claims under § 363(f) of the

Bankruptcy Code; (iv) Nationstar's credit bid otherwise on the terms of the Sale Contract is the highest and best bid for the Property, such bid was negotiated at arms-length and in good faith, and, assuming that Nationstar closes such credit bid for the Property, Nationstar is a good faith purchaser within the meaning of § 363(m) of the Bankruptcy Code, and (v) good and sufficient cause exists to grant the remaining related relief set forth below; now, therefore,

**BASED UPON THE FOREGOING FINDINGS AND CONCLUSIONS, IT IS HEREBY,**

**ORDERED,** that the Motion is granted as provided herein; and it is further

**ORDERED,** that Nationstar shall be the purchaser of the Property pursuant to its credit bid in the amount of $500,000.00 and otherwise on the terms of the Sale Contract; and it is further

**ORDERED,** that the Debtor is authorized and directed under § 363(b) of the Bankruptcy Code to transfer, convey and/or assign to Nationstar all of his right, title and interest in the Property: the parcel of improved real property located and known as 32 Lincoln Street, New Rochelle, New York 10801 in return for such credit bid and otherwise on the terms of the Contract (the "Sale"); and it is further

**ORDERED,** that pursuant to § 363(f) of the Bankruptcy Code, the Sale shall be free and clear of all Liens and Claims on or against the Property of whatever kind or nature, including, without limitation, all liens, security interests, debts, causes of action, encumbrances, obligations, leases, leaseholds or related interests of any kind, liabilities, interests, charges, mortgages, *lis pendens* and claims of any kind, nature, or description

whatsoever, whether fixed or contingent, perfected or unperfected, except as expressly assumed by the purchaser under the Sale Contract; and it is further

**ORDERED,** that Nationstar is hereby granted "good faith purchaser" status in accordance with § 363(m) of the Bankruptcy Code and is afforded all of the rights and protections provided by § 363(m) of the Bankruptcy Code; and it is further

**ORDERED,** that Nationstar is hereby authorized and directed to satisfy at the closing of the Sale (i) all outstanding real estate taxes and water charges, and (ii) all reasonable closing and title related charges in respect of the Property; and it is further

**ORDERED,** that Nationstar and its agents and the Debtor and his agents are hereby authorized, empowered and directed to execute all documents and instruments and perform such acts as are necessary to effectuate the Sale, including the transfer of the Property to Nationstar in a timely manner under the Sale Contract and this Order; and it is further

**ORDERED,** that the automatic stay and co-debtor stay under §§ 362(a) and 1301(a) of the Bankruptcy Code, respectively, are terminated pursuant to §§ 362(d)(1) and 1301(c), respectively, to the extent necessary to permit Nationstar to commence any and all actions, if any, required to obtain possession and ownership of the Property, including but not limited to, an action to foreclose and liquidate the Property, to take possession thereof, and/or to evict any person or belongings therefrom; and it is further

**ORDERED,** that the 14-day stay of this Order pursuant to Fed. R. Bankr. P. 6004(h) is waived, for cause, and this Order is effective immediately upon its entry; and it is further

**ORDERED,** that a copy of the instant Order may be recorded with the deed for the Property as evidence of the free and clear nature of the Sale to Nationstar; and it is further

**ORDERED,** that all parties referred to herein submit to the jurisdiction of this Court with respect to all matters relating to or pertaining to this Order and the Sale Contract; and it is further

**ORDERED,** that except as expressly provided herein or in the Sale Contract, all parties shall bear their own attorneys costs with respect to the Motion and the effectuation of the transfer of the Property; and it is further

**ORDERED**, that the Debtor shall cause a closing report to be filed on the docket of this case within 10 days after the closing of the Sale.

Dated: August 10, 2018
       White Plains, New York

                                  /s/ Robert D. Drain
                                  Honorable Robert D. Drain
                                  United States Bankruptcy Judge